### In re FREMONT GENERAL CORPORATION LITIGATION.

#### No. 2:07–cv–02693–FMC–FFMx.

United States District Court, C.D. California.

May 30, 2008.

Lynn Lincoln Sarko, Derek W. Loeser, Erin M. Riley, Cari Campen Laufenberg, Keller Rohrback L.L.P., Seattle, WA, for Plaintiffs.

Michael D. Braun, Braun Law Group, P.C., Los Angeles, CA, for Plaintiffs.

Gary S. Tell, Edith Carmen Ramirez, O'Melveny & Myers LLP, Washington, DC, for Defendants.

Matthew P. Eastus, O'Melveny & Myers LLP, Los Angeles, CA, for Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT

FLORENCE–MARIE COOPER, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint (docket no. 48), filed December 10, 2007. The Court has read and considered the moving, opposition, and reply documents, together with the parties' supplemental briefs. The Court deems the matter suitable for resolution without oral argument. *See* Fed. R.Civ.P. 78(b); Local Rule 7–15. For the reasons and in the manner set forth below, the Court hereby **DENIES** defendants' Motion.

## I. BACKGROUND

In their consolidated Complaint, Plaintiffs allege that Defendants, fiduciaries of the Fremont General Corporation and Affiliated Companies Investment Incentive Plan (401(k) Plan) and Fremont General Corporation Employee Stock Ownership Plan (ESOP Plan) (the Plans) violated their fiduciary duties under the Employee Retirement Income Security Act of 1974. The heart of Plaintiffs' Complaint focuses on Defendants' purchase and retention of Fremont General stock. Defendants contend that all of their decisions and actions were consistent with the plain language of ERISA and particularly those sections which exempt plans such as those involved in this case (Eligible Individual Account Plans—EIAPs) from the obligation to diversify investments.

## II. STANDARD OF REVIEW

Rule 12(b) (6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of the complaint that fails to state a claim upon which relief can be granted. Allegations of material fact in a complaint are taken as true and are construed in the light most favorable to the plaintiff. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002). Pleadings are construed liberally in favor of the pleader. *Jenkins v. McKeithen,* 395 U.S. 411, 412,

89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

## III. DISCUSSION

### A. Plaintiff's First Cause of Action for Failure to Prudently and Loyally Manage the Plan and Assets

Plaintiffs allege that Defendants were required to discontinue offering Fremont General stock as a plan investment option and to sell the EIAP's holdings of company stock, because they knew or should have known that Fremont General stock was an imprudent investment. Defendants rely on *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090 (9th Cir.2004), in support of their argument that ERISA § 494(a)(2), 29 U.S.C. § 1104(a)(2), exempts them from general prudence requirements. "EIAPs are exempt from ERISA's diversification requirement and its prudence requirement to the extent that it requires diversification." *Wright*, 360 F.3d. at 1097. *Wright* did not hold, however, that EIAPs are unconditionally exempt from the duty to diversify. Rather, it speculated that situations could exist where allowing a plan to become heavily weighted in company stock could violate ERISA if combined with other wrongful conduct. *Id.* at 1098. Defendants argue in their Reply that Plaintiffs' "position cannot be squared with the Ninth Circuit's statement that the presumption of prudence may be rebutted only by showing that the 'company's financial situation is seriously deteriorating and there is a genuine risk of insider self-dealing.'" (Reply at 3.) This reading of *Wright* is far too broad. *Wright* cited a deteriorating financial situation and genuine risk of insider

self-dealing as examples of factors that could require diversification. *Wright*, 360 F.3d at 1098. It is not a *sine qua non* to overcome a presumption of prudence.

Nor is Defendants' position supported by the recent Ninth Circuit decision in *In Re Syncor ERISA Litigation*, 516 F.3d 1095 (9th Cir.2008). The Court in *Syncor* discussed the so-called "*Moench* presumption," which holds that fiduciaries of EIAPs are presumed to have acted consistently with ERISA in their decisions to invest assets in employer stock. *Moench v. Robertson*, 62 F.3d 553, 571 (3d Cir. 1995) Although Defendants here rely heavily on the *Moench* presumption, the Court in *Syncor* was unequivocal: "[T]his Circuit has not yet adopted the *Moench* presumption ... and we decline to do so now." *Syncor*, 516 F.3d at 1102.

The *Syncor* Court goes on to recite a number of circumstances which could support a finding that fiduciaries, who did not divest themselves of company stock, violated the prudent man standard. This could occur, for example, where a company's stock was artificially inflated by an illegal scheme about which the fiduciaries knew or should have known. *Id.* In reversing summary judgment in favor of defendants accused of holding and acquiring company stock for an employee stock ownership plan in the face of allegations of illegal practices, the Court concluded:

> We find that genuine issues of material fact exist regarding whether Defendants breached the "prudent man" standard set forth in 29 U.S.C. § 1104(a). The "prudent man" standard of care requires a fiduciary to discharge his duties with respect to a plan solely in the interest of participants "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the

conduct of an enterprise of a like character with like aims." 29 U.S.C. § 1104(a)(1)(B).

*Id.* at 1103.

■ The Complaint in this case contains detailed and specific allegations that Fremont General was in dire financial circumstances and subject to serious mismanagement, all of which circumstances were, or should have been, known to Defendants. The Complaint further alleges that the fiduciaries failed to investigate the prudence of investing in Fremont General stock, resulting in harm to the Plaintiffs. Plaintiffs allege that as senior executives and members of the Board, Defendants knew or should have known that Fremont General was an imprudent investment due to the numerous problems and red flags. The Complaint is more than sufficient to overcome a motion to dismiss and to state a claim for failure to manage the plan assets.

**B. Failure to Monitor Fiduciaries**

For the reasons recited in analysis of the First Claim, Plaintiffs' second claim is also adequately pleaded. Defendants challenge the factual assertions in the Complaint, but, as noted above, at the pleading stage, the Court accepts those allegations as true. The Complaint sufficiently makes out a claim of failure to monitor.

**C. Failure to Provide Complete and Accurate Information**

Plaintiffs allege that Defendants breached their duty to inform participants by failing to provide complete and accurate information regarding Fremont General's serious mismanagement and business practices, public misrepresentations, and accounting irregularities, resulting in inflation of the value of company stock. Defendants move to dismiss this claim, arguing that ERISA imposes is no duty to disclose,

beyond an obligation to provide a summary plan description, annual report, and other instruments under which a Plan is established or operated. 29 U.S.C. § 1024(b)(4).

Although the Ninth Circuit has not addressed the precise issue presented in this case, it has acknowledged that

> an ERISA fiduciary's duty to disclose information to beneficiaries is not limited to the dissemination of the documents and notices specified in 29 U.S.C. sections 1021–1031, but may in some circumstances extend to additional disclosures where the interests of the beneficiaries so require.... Thus, an ERISA fiduciary has an affirmative duty to inform beneficiaries of circumstances that threaten the funding of benefits.

*Acosta v. Pac. Enters.*, 950 F.2d 611, 618–619 (9th Cir.1991). Similarly, in *Bins v. Exxon Co.*, 220 F.3d 1042, 1053 (9th Cir. 2000), the Court observed: "We do not question the existence of other 'affirmative' disclosure duties of an employer-fiduciary under circumstances not present here."

■ District courts in this circuit are divided on the question of a fiduciary's duty to disclose information concerning the soundness of investments. *See, e.g., In re Calpine Corp. ERISA Litig.*, 2005 U.S. Dist. LEXIS 9719; *In Re Uniphase Corp. ERISA Litig.*, 2005 U.S. Dist. LEXIS 17503. The Court is persuaded by the reasoning in *Uniphase* that the allegations in the Complaint in this case—that Defendants should have known that investing in Fremont General stock was imprudent and should have informed the beneficiaries of circumstances which made it so—are sufficient to state a claim. Defendants' Motion to Dismiss this claim is denied.

**D. Co–Fiduciary Liability**

For the reasons recited in the Court's analysis of the Motions to Dismiss Counts

1 and 3, the Motion to Dismiss this count is also denied.

## IV. CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint (docket no. 48) is DENIED. Defendants are directed to file an Answer to the Complaint within 20 days of the date of this Order.

IT IS SO ORDERED.